IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA B. PARATO,<br><br>Plaintiff,<br><br>vs.<br><br>MAESTRO HEALTH; MARPAI, INC.; KIM HOWE, SVP of Human Resources, Legal and Compliance; and SHERYL SIMMONS, Chief Compliance Officer, CHRO,<br><br>Defendants. | 8:23CV58<br><br>MEMORANDUM AND ORDER REGARDING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND<br>PLAINTIFF'S EMERGENCY MOTION TO REINSTATE COMPLAINT |

This case is before the Court on United States Magistrate Judge Susan M. Bazis's Findings and Recommendation that this action be dismissed for want of prosecution. Filing 7. It is also before the Court on plaintiff Angela Parato's Emergency Motion to Reinstate Complaint, Filing 8, filed the same day as the Findings and Recommendation. For the reasons set out below, the Findings and Recommendation are rejected in light of Parato's subsequent Emergency Motion, and Parato's Emergency Motion to Reinstate Complaint is granted to the extent that this case is not dismissed, and Parato is given additional time to make service of process.

## I.  INTRODUCTION

Parato filed her Complaint in this matter *pro se* and without paying a filing fee alleging that she took employment with Defendants and moved from California to North Carolina based on promises assuring her of ongoing employment, but Defendants then engaged in actions that conflicted with their statements. Filing 1 at 4 (§ III.). Parato seeks damages to which she is entitled under law and equity. Filing 1 at 4 (§ IV). Parato also maintains in her present Motion that upon filing of the initial Complaint, she "was instructed that the Clerk's office serves the Defendants with the Complaint." Filing 8 at 1. After Parato filed her Complaint *pro se* and without paying the filing fee, the Court entered General Order No. 2022-04 concerning management of *pro se* cases

1

brought by plaintiffs who are litigating *in forma pauperis*. Filing 3; *see also* 28 U.S.C. § 1915(a).[1] On March 13, 2023, before any initial review to determine whether Parato should be allowed to prosecute this case *in forma pauperis*, Parato paid the full filing fee for this action. Thus, she was no longer prosecuting the case *in forma pauperis*. Consequently, the Court entered a text order removing this case from the *pro se* docket and requesting reassignment of the case by the Chief Judge. Filing 4. The case was thereafter reassigned to the undersigned. Filing 5. Because Parato was no longer prosecuting the case *in forma pauperis*, the case was no longer part of the *pro se* docket, and Parato became responsible for all aspects of the case, including service of process pursuant to Federal Rule of Civil Procedure 4(c).

On June 12, 2023, Judge Bazis found that Parato had not filed any return of service indicating that Defendants had been served with the Complaint, nor had Defendants entered voluntary appearances. Filing 6 at 1. Consequently, she ordered that on or before June 30, 2023, Parato would have to show cause why this action should not be dismissed for lack of prosecution. Filing 6 at 1. Judge Bazis also warned that "[f]ailure to comply with this Order may result in the dismissal of this case without further notice." Filing 6 at 1. Judge Bazis also directed the Clerk of Court to mail a copy of her Show Cause Order to Parato at her address of record. Filing 6 at 1. On July 6, 2023, finding that Parato had not responded to the Show Cause Order, Judge Bazis entered the Findings and Recommendation now before the Court recommending that this action be dismissed for want of prosecution. Filing 7 at 1. The Findings and Recommendation included an "Admonition" that stated, "A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of

---

[1] "Despite an oft acknowledged typographical error, § 1915(a) applies to both prisoners and non-prisoners." *Hunter v. Unknown Woodbury Cnty. Deputy Sheriffs*, No. C20-4053-LTS, 2021 WL 4430865, at *1 n.2 (N.D. Iowa Sept. 27, 2021).

the findings and recommendation. Failure to timely object may constitute a waiver of any objection." Filing 7 at 1.

The same day that Judge Bazis filed the Findings and Recommendation, Parato filed the Emergency Motion also now before the Court. Filing 8. In that Emergency Motion, Parato states, "Upon reading the SHOW CAUSE ORDER, Plaintiff immediately contacted the Office of Hon. Susan Bazis," Filing 8 at 1, and learned that "an Order of Dismissal was entered into th[at] morning." Filing 8 at 2. The Emergency Motion states that at the direction of Judge Bazis's office, Parato filed her Emergency Motion. Filing 8 at 1. In her Emergency Motion, Parato states that the Show Cause Order was postmarked June 12, 2023, but "U.S. Postal Service held and delivered SHOW CAUSE ORDER on July 6, 2023." Filing 8 at 1. Parato states further, "Plaintiff was out of town caring for a dying friend and former colleague and helping the friend's family after the friend's death," Filing 8 at 1, which adequately explains why her mail was held and not delivered until July 6, 2023. Parato then states, "In response to all of this, I am submitting this request that the complaint be re-instated without penalty or prejudice, and the dismissal reversed." Filing 8 at 2. The Court clarifies that Parato's Complaint has not yet been dismissed, although Judge Bazis recommended dismissal subject to the undersigned's approval.

## II. LEGAL ANALYSIS

The Court construes Parato's Emergency Motion first as a belated response to Judge Bazis's Show Cause Order with a request for permission to file a late response and to extend time to serve Defendants. Construed that way, the Court grants the Motion because Parato has shown good cause and excusable neglect for her failure to make timely service of process and her belated response to the Show Cause Order. The Court also construes Parato's Emergency Motion as "objections" to Judge Bazis's Findings and Recommendation. Construing the Emergency Motion that way, the Court concludes that Parato has stated persuasive grounds for rejecting the Findings

3

and Recommendation because dismissal is not appropriate under the circumstances as they now stand.

### A. Request for Extension

"Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that a deadline may be extended for good cause, on a party's motion, if the party missed the deadline due to excusable neglect." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 890 (8th Cir. 2018); Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). "'The primary measure of good cause is the movant's diligence' in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). As to "excusable neglect," this Court recently explained,

> "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. [v. Brunswick Assocs. Ltd. P'ship]*, 507 U.S. [380,] 392 [(1993)]). In determining whether a party has demonstrated "excusable neglect" under Rule 6(b)(1)(B), courts consider four factors to be "particularly important." *Chorosevic*, 600 F.3d at 946. These four factors are as follows: (1) the possibility of prejudice to the non-moving party, (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the moving party's reasons for delay, including whether the delay was within her reasonable control; and (4) whether the moving party acted in good faith. *Chorosevic*, 600 F.3d at 946; *see also Sugarbaker v. SSM Healthcare*, 187 F.3d 853, 856 (8th Cir. 1999). The party seeking consideration of an untimely filing bears the burden of establishing excusable neglect. *See Precision of New Hampton, Inc. v. Transtar Indus., Inc.*, No. C14–2067, 2015 WL 12911989, at *1 (N.D. Iowa Nov. 30, 2015) (recognizing that a party who submits an untimely response to a motion for summary judgment "has the burden of showing it failed" to do so "because of 'excusable neglect' and that there is 'good cause' to grant its request for extension of time"). District courts are afforded discretion in determining whether there is excusable neglect. *See Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951–52 (8th Cir. 2019); *Guthrie v. Eber*, 431 F. App'x 519 (8th Cir. 2011) (per curiam).

*Joe Hand Promotions, Inc., v. Cantina El Sol, LLC*, No. 8:22-CV-113, 2023 WL 4295507, at *2 (D. Neb. June 30, 2023).

Starting with "good cause," the Court finds that Parato was diligent in attempting to respond to the Show Cause Order once she actually received it by immediately calling Judge Bazis's chambers. *Id.*; Fed. R. Civ. P. 6(b)(1)(B). Nor can the Court find that Parato was dilatory in failing to pursue service on Defendants when it was her understanding that the Clerk's Office would issue summonses and get them served. The Eighth Circuit Court of Appeals has recognized that an attorney's reasonable misunderstanding of a court's instruction demonstrates that a belated extension of time is permissible. *Paris Sch. Dist.*, 894 F.3d at 890 (adding that it would not make denial of the requested extension an abuse of discretion, however). The Court believes that it is even more appropriate to permit an extension of time based on a *pro se* litigant's misunderstanding of what she was told by the Clerk's Office. The only orders entered in the case prior to the Show Cause Order were General Order No. 2022-04, a text order noting that a filing fee had been paid and requesting reassignment of the case, and another text order reassigning the case to the undersigned. Filings 3, 4, and 5. None of those orders would have given Parato notice that she was now responsible for making service of process on Defendants, contrary to what she understood from the Clerk's Office.

Parato has also demonstrated "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) (requiring both good cause and excusable neglect). In this case, mistake and intervening circumstances beyond Parato's control combined to prevent her from serving process within the time permitted by Federal Rule of Civil Procedure 4(m). *See Joe Hand Promotions, Inc.,* 2023 WL 4295507, at *2 (recognizing that excusable neglect includes mistake, carelessness, and intervening circumstances beyond a party's control). Parato was mistaken (although she almost certainly did not know it) when she believed that the Clerk's Office would be responsible for serving process

5

after she paid the filing fee and was no longer prosecuting the case *in forma pauperis*. Likewise, Parato's failure to receive more timely delivery of the Show Cause Order for some weeks between June 12, 2023, when the Show Cause Order was postmarked, and July 6, 2023, was the result of intervening circumstances beyond Parato's control where the Postal Service was holding her mail while she was caring for a dying friend and then her friend's family after her death. Thus, these factors weigh heavily in favor of granting her request for an extension of time to respond to the Show Cause Order and to serve Defendants.

None of the other relevant factors warrant a different conclusion. See *id.* at *2 (listing factors relevant to the issue of excusable neglect). There is no possibility of prejudice to the non-moving parties whose opportunity to respond to a Complaint is not compromised. *Id.* (first factor). Similarly, the length of the delay and the possible impact of that delay on judicial proceedings do not counsel otherwise, where less than five months have passed since the filing of Parato's complaint and less than two months since the expiration of the initial 90-day period for service under Rule 4(m), which may be extended. *See id.* (second factor); *see also* Fed. R. Civ. P. 4(m) (establishing an initial 90 days for service but permitting extensions). The Court also finds Parato's reasons for delay and her lack of ability to reasonably control the delay would suggest her neglect is excusable. *See Joe Hand Promotions, Inc.,* 2023 WL 4295507, at *2 (third factor). Finally, Parato's reasons for the delay and her diligence in responding to clarification that she was responsible for service and in responding to the Show Cause Order demonstrate her good faith. *Id.* (fourth factor).

Parato's request for an extension is granted on terms explained below.

6

### B. Objections to Findings and Recommendation

When the Court construes Parato's Emergency Motion as objections to Judge Bazis's Findings and Recommendation, Federal Rule of Civil Procedure 72(b) is controlling.[2] That Rule provides in pertinent part that on dispositive matters a magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). The rule also permits objections to the proposed findings and recommended disposition. Fed. R. Civ. P. 72(b)(2). Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district court must review *de novo* the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections. . . .").

On *de novo* review, a reviewing court "makes its own determinations of disputed issues and does not decide whether the magistrate[ ] [judge's] proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). *De novo* review is non-deferential and requires an independent review of the entire matter. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When de novo review is compelled, no form of appellate deference is acceptable."); *United States v. Backer*, 362 F.3d 504, 508 (8th Cir. 2004) ("'De novo' is a Latin term literally meaning 'as new.' Our review is independent and not premised on the district court's appropriate use of its discretion. We are concerned only with the proper application of the law. . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.

---

[2] Federal Rule of Civil Procedure 72(b) implements 28 U.S.C. § 636(b)(1). *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619 (8th Cir. 2009).

7

R. Civ. P. 72(b)(3). The district court judge may also "receive further evidence." *Id.*; Fed. R. Civ. P. 72(b)(3).

On *de novo* review here, the Court concludes that Judge Bazis was correct that service of process was not made within 90 days after the filing of the Complaint as required by Federal Rule of Civil Procedure 4(m). The Court concludes from its own *de novo* review of the docket that no timely service has occurred. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court also concludes that on June 12, 2023, Judge Bazis properly entered a Show Cause Order noting Parato's failure to file any return of service indicating that Defendants have been served with the Complaint, nor had Defendants entered a voluntary appearance. Filing 6 at 1. Judge Bazis then properly set a deadline of June 30, 2023, for Parato to show cause why this action should not be dismissed for lack of prosecution. Filing 6 at 1. When no response to the Show Cause Order was filed, Judge Bazis also properly recommended that the undersigned dismiss this action for want of prosecution and provided an appropriate notice of the time to object to that recommendation. Filing 6 at 1.

Nevertheless, in light of additional information provided in Parato's Emergency Motion, dismissal is not the appropriate outcome. *See* 28 U.S.C. § 636(b)(1) (stating that the district court judge may also "receive further evidence"); Fed. R. Civ. P. 72(b)(3) (same). Federal Rule of Civil Procedure 4(m) provides in pertinent part,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

8

Fed. R. Civ. P. 4(m). The Court has at least discretion to order an extension of time for service in the circumstances presented here. *Id.* "To warrant a discretionary extension, the plaintiff must establish excusable neglect." *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). Yet, the Court "must" order an extension of time if Parato shows "good cause." Fed. R. Civ. P. 4(m). The Court concluded above that Parato has shown both good cause and excusable neglect for her failure to make service within the initial 90-day period. Thus, the Court not only may but must grant Parato additional time to make service of process rather than dismiss her Complaint. *Id.*

### III. CONCLUSION

Upon the foregoing, and after *de novo* consideration of all the circumstances in the case, the Court concludes that Judge Bazis's Findings and Recommendation was entirely correct in the circumstances in which it was entered. Nevertheless, after considering additional evidence, it is clear to the Court that Judge Bazis's recommendation of dismissal is no longer the correct outcome. The Court finds further that Parato has demonstrated good cause and excusable neglect warranting an extension of time to serve Defendants. Accordingly,

IT IS ORDERED that

1. Judge Bazis's Findings and Recommendation, Filing 7, is rejected in light of additional information; and

2. Parato's Emergency Motion to Reinstate Complaint, Filing 8, is granted to the extent that this case is not dismissed and Parato is given an additional 60 days from the date of this Order to make service of process on Defendants.

Dated this 25th day of July, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

9