IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELA B. PARATO, | |
| Plaintiff, | **8:23CV58** |
| vs. | |
| MAESTRO HEALTH,  MARPAI, INC., KIM HOWE, SVP of Human Resources, Legal and Compliance; and SHERYL SIMMONS, Chief Compliance Officer, CHRO; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on Defendants' motions to dismiss (Filing No. 21; Filing No. 26.) and Plaintiff's motion to amend (Filing No. 35.).  For the reasons explained below, Plaintiff's motion to amend is denied, and Defendants' motions to dismiss are granted.

## BACKGROUND

### Procedural History

Plaintiff, Angela B. Parato (Parato), filed her original complaint pro se on February 13, 2023. (Filing No. 1.)  Defendants, Maestro Health (Maestro), Marpai, Inc. (Marpai), Kim Howe (Howe), and Sheryl Simmons (Simmons), filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Filing No. 21; Filing No. 26.)  After being granted several extensions to file a motion to amend her complaint or responses to the motions to dismiss, Parato filed an Amended Complaint. (Filing No. 35.)  Given Parato's pro se status, the Court construed her Amended Complaint as a motion to amend. (Filing No. 36.)  Defendants oppose Parato's motion to amend and request it be denied based on futility because the proposed amendment shows this Court lacks personal jurisdiction over Defendants. (Filing No. 37; Filing No. 42-1.)

**Facts**

Maestro is a Delaware corporation that was headquartered in Illinois, with locations in North Carolina and Michigan. ([Filing No. 22 at 11.](#)) On July 22, 2019, Maestro sent an offer of "at will" employment to Parato for a position located in North Carolina. ([Filing No. 22 at 13.](#)) Parato lived in California at the time of the offer. ([Filing No. 1 at 5](#); [Filing No. 35 at 3.](#)) Parato moved to North Carolina from California after she accepted Maestro's employment offer. ([Filing No. 1 at 5](#); [Filing No. 35 at 4.](#))

Marpai is a Florida corporation with its principal place of business in New York. ([Filing No. 22 at 12.](#)) Marpai acquired Maestro on August 1, 2022. ([Filing No. 22 at 12.](#)) Marpai never employed or had any association with Parato. ([Filing No. 22 at 12.](#))

Howe is the Senior Vice President of Human Resources for Marpai, and she held that position at Maestro prior to its acquisition by Marpai. ([Filing No. 22 at 11.](#)) Howe is a North Carolina resident and has never resided in nor visited the State of Nebraska. ([Filing No. 22 at 11.](#))

Simmons was formerly the Chief Human Resources Officer for Maestro. ([Filing No. 27 at 13.](#)) On December 31, 2019, Simmons left her position at Maestro. ([Filing No. 27 at 13.](#)) Simmons is a Michigan resident and has never resided in nor visited the State of Nebraska. ([Filing No. 27 at 13.](#))

Parato began her work at Maestro on August 15, 2019. ([Filing No. 35 at 4.](#)) Maestro terminated Parato's employment in North Carolina on February 11, 2020. ([Filing No. 35 at 8.](#)) Parato moved to Omaha, Nebraska after Maestro terminated her employment. ([Filing No. 35 at 1.](#))

## STANDARD OF REVIEW

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(1)(2), and whether to grant leave to amend a complaint "is within the sound discretion of the district court." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 961 (8th Cir. 2023). A district court may deny leave to amend "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir.2005) (internal quotation marks omitted). "'Futility is a valid basis for denying leave to amend.'" *Katz v. Sunset Financial*

*Services, Inc.,* 650 F.Supp.2d 962, 971 (D. Neb. 2009) (quoting *United States ex rel. Henry Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 822 (8th Cir.2009). See also, *Kale v. Aero Simulation, Inc.,* 139 F.4th 684, 690 (8th Cir. 2025) (Plaintiff's proposed amended complaint contained the same core deficiency as his pro se complaint and could not withstand a motion to dismiss; therefore, the district court properly denied the proposed amendment as futile.).

### DISCUSSION

Defendants argue that Parato's motion to amend should be denied because the proposed amended complaint is futile as the Court lacks personal jurisdiction over all the defendants, and consequently, Parato's proposed amended complaint would not survive Defendants' motions to dismiss under Rule 12(b)(2). (Filing No. 37 at 5.) The defendants' motions to dismiss, which were not challenged and remain pending, assert this Court lacks personal jurisdiction over all defendants. (Filing No. 37 at 5.) Defendants contend Parato's complaint did not allege a single contact between Defendants and Nebraska, and the allegations contained in Parato's proposed amended complaint lack any allegations that support the exercise of personal jurisdiction. (Filing No. 37 at 5.) The Court considers Defendants' challenges to this Court's personal jurisdiction under Rule 12(b)(2) in light of the new allegations set forth in Parato's proposed amended complaint.

### Rule 12(b)(2) Standards

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (internal quotation marks and alteration omitted). A plaintiff bears "the burden of establishing a prima facie showing of jurisdiction, and [courts] view the evidence in the light most favorable to the plaintiff[ ]." *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020). "A prima facie showing is accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022) (internal quotation marks omitted). The "prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (internal

quotation marks omitted).

A federal court sitting in diversity may apply the long-arm statute of the forum state to determine the existence of personal jurisdiction over the parties. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 474, 142 S. Ct. 758 (2022). Nebraska's "long-arm statute," Neb. Rev. Stat. § 25–536, permits jurisdiction to the maximum extent allowed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). "The relevant conduct and connections for the due process analysis depend on whether personal jurisdiction is alleged to be general or specific." *Bros & Sisters in Christ, LLC*, 42 F.4th at 951–52 (citing *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021)). In the case at bar, Defendants contend, "Even with the additional allegations asserted in her Reply, Plaintiff cannot establish general or specific personal jurisdiction over Defendants and thus, her proposed Amended Complaint is futile and her Motion to Amend should be denied." (Filing No. 42-1.)

**General Jurisdiction Standards**

General jurisdiction may only be exercised by a state court "when a defendant is 'essentially at home' in the State." *Ford Motor Co.*, 592 U.S. at 358. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011). A corporation is considered domiciled for purposes of establishing general jurisdiction in the state that serves as its place of incorporation and principal place of business *Id.*

General jurisdiction may not be established "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business' " because that formulation would be "unacceptably grasping." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). Thus, the exercise of general jurisdiction over a corporate defendant is not necessarily restricted to forums where it is incorporated or conducts its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). General jurisdiction remains limited to forums where the corporate defendant has "affiliations with the [forum] State [that] are so continuous and systematic 'as to render [the defendant] essentially at home in the forum State.'" *See Creative Calling Sols., Inc.,* 799 F.3d at 979 (quoting *Daimler AG*, 571 U.S. at 122).

Parato's proposed Amended Complaint alleges that Maestro is incorporated under the state laws of Delaware, with its principal place of business in Illinois, and Marpai is incorporated under the laws of the state of Delaware with its principal place of business in New York and offices in Tampa, Florida. (Filing No. 35 at 2-3.)  In fact, Marpai is a Florida corporation with its principal place of business in New York. (Filing No. 22 at 12.)

It is undisputed that neither Maestro, nor Marpai is domiciled in Nebraska.  Furthermore, Parato's proposed Amended Complaint does not allege that Howe or Simmons are domiciled in Nebraska.  Indeed, Parato's proposed Amended Complaint shows Howe is a citizen of North Carolina, and Simmons is a citizen of Michigan. (Filing No. 35 at 2.)

Parato asserts general jurisdiction is appropriate in Nebraska because Maestro retained outside counsel based in Omaha, Nebraska, and Marpai transacts business in Nebraska and is registered to do business in the state. (Filing No. 39 at 5.)  Parato's assertions do not establish affiliations with Nebraska that are so continuous and systemic to render Maestro or Marpai "essentially home" in the state of Nebraska, and she fails to make a prima facie showing of general jurisdiction for Howe and Simmons.   Consequently, Parato cannot establish general personal jurisdiction for any of the defendants.

**Specific Jurisdiction Standards**

"Specific jurisdiction is very different" from general jurisdiction in that "the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers*, 582 U.S. at 262 (citing *Daimler*, 571 U.S. at 137).  Specific jurisdiction requires an "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S. at 919.

The Eighth Circuit considers five factors to determine whether specific jurisdiction exists: "'(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.'" *Bros. & Sisters in Christ, LLC*, 42 F.4th at 952 (quoting *Whaley*, 946 F.3d at 452).  The Eighth Circuit has clarified that the first three of these factors are of "'primary importance'" while the "'fourth and fifth factors carry less weight,'" and "[t]he third factor speaks to the particular question of specific jurisdiction."

5

*Id.*

Parato relies on third parties that ostensibly have some connection to Nebraska ("Defendants' Primary Outside Counsel," "insured patients, Data Warehouses and Record Storage, Benefits Administration and Processing," "HR/Finance Benefits IT Company," and "IT partner"), arguing that Maestro or Marpai have contacts with third parties who have a connection to Nebraska and that those attenuated relationships establish a connection between Defendants and Nebraska (Filing No. 39 at 5-6.) Throughout her Reply, Parato refers to "Defendants" without detailing which specific defendant had the alleged contact. (Filing No. 39.) Furthermore, there are no assertions in Parato's proposed Amended Complaint or her Reply of any connection between Nebraska and Howe and Simmons. (Filing No. 35; Filing No. 39.)

The nature, quality, and quantity of Defendants' purported contacts with Nebraska are insufficient to provide a basis for exercising specific jurisdiction. None of the contacts asserted by Parato are related to conduct giving rise to the causes of action alleged in her proposed Amended Complaint, which focus singularly on Parato's employment with and termination from Maestro, while located in North Carolina. Parato has not alleged in her proposed Amended Complaint, or in her Reply, any contacts with Nebraska that were related in any way to the conduct giving rise to the issues presented by this case. Indeed, all activity giving rise to the matters alleged in Parato's Amended Complaint occurred in North Carolina. (Filing No. 35.)

The only connection to Nebraska is Parato, who moved to the state after the conduct alleged as the basis for the Proposed Complaint occurred. Nebraska has no interest in providing a forum to a new resident for actions occurring outside of Nebraska before the resident moved to the state. The only party convenienced by having the lawsuit in Nebraska is Parato. All other witnesses are located at great distances from Nebraska and are not subject to subpoena in Nebraska.

Viewing the facts in the light most favorable to Parato and considering the five factors together with the appropriate weight they are respectively entitled, Parato has not demonstrated the basis to exercise specific jurisdiction. Given Parato's failure to establish general or specific jurisdiction over any of the defendants, her proposed Amended Complaint does not plead sufficient facts to support a reasonable inference that Defendants can be subjected to jurisdiction within the state of Nebraska, and it will not survive a motion to dismiss for lack of personal jurisdiction.

In Parato's Reply to Defendants' Opposition to her Motion to Amend, she accuses Defendants' counsel of professional misconduct. Defense counsel has indicated that under different circumstances they would have filed a motion to strike and seek sanctions under F.R.C.P. because of the unfounded and abusive filings; however, since Parato is pro se, Defendants elected to refrain from taking such action. The Court has considered the matter and admonishes Parato that her conduct was inappropriate and will not be tolerated in the future.

## CONCLUSION

Parato's proposed Amended Complaint contains the same core deficiency as her pro se complaint. Neither can withstand a motion to dismiss for lack of personal jurisdiction; therefore, the Court denies Parato's motion to amend as futile and grants Defendants' motions to dismiss. Because Parato's motion to amend is denied as futile, and Defendants' motions to dismiss are granted based on no personal jurisdiction, further filings by Parato in this forum will not be allowed.

Accordingly,

**IT IS ORDERED**:

1. Defendants' motions to dismiss (Filing No. 21; Filing No. 26.) are granted.
2. Plaintiff's motion to amend (Filing No. 35.) is denied.
3. Plaintiff's Complaint (Filing No. 1.) is dismissed and cannot be refiled in Nebraska.
4. A separate judgment will be entered.

Dated this 19th day of August, 2025.

BY THE COURT:

_Susan M Bazis_

Susan M. Bazis
United States District Judge